IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE RESENDIZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-4223 |

### MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                         April 19, 2022

      Annette Resendiz ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

### I.     PROCEDURAL HISTORY

      Plaintiff was born on June 3, 1975, and protectively filed for DIB and SSI on May 3, 2019, alleging disability as of December 6, 2018, as a result of emotional disability, left shoulder hypertrophy, joint tendinitis supraspinatus, finger fracture of the left hand, arthritis in the knee, and vertigo.  Tr. 196, 318, 322, 346.[1]  After her claims were denied initially, id. at 236-40, 241-44, and on reconsideration, id. at 254-57, 258-61, she requested a hearing before an ALJ, id. at 262-63, which was held on October 9, 2020.  Id. at 108-63.  On December 24, 2020, the ALJ issued her decision denying Plaintiff's claims.  Id. at 50-79.  On June 25, 2021, the Appeals Council denied Plaintiff's request

---

[1]Plaintiff filed four prior claims for benefits in 2013, 2014, 2016, and 2017.  Tr. at 181.  All were denied at the initial consideration stage and Plaintiff did not seek reconsideration or review by an Administrative Law Judge ("ALJ").  Id.

for review, id. at 1-3, making the ALJ's December 24, 2020 decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1472.

Plaintiff initiated this action by filing her complaint on September 24, 2021. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 10, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted." Doc. 11 ¶ 2.[2]

## II.   DISCUSSION

The ALJ found that Plaintiff suffered from the following severe impairments: bilateral knee disorders, bilateral shoulder disorders, muscle disorder, vertiginous syndrome, obesity, major depressive disorder, bipolar disorder, generalized anxiety disorder, posttraumatic stress disorder, and neurodevelopmental disorder. Tr. at 52. In her assessment of Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing sedentary work with the following limitations: occasionally balance, stoop, kneel, crouch, crawl, climb ramps and stairs, and reach overhead with the left upper extremity; never climb ladders, ropes or scaffolds; avoid frequent exposure to extreme cold, extreme heat, wetness, and vibration; must avoid all exposure to hazards including moving machinery and unprotected heights; requires the use of a cane as needed for ambulation throughout the workday; and can perform unskilled work with routine and repetitive tasks requiring no more than standard breaks,

---

[2]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

no frequent changes in the work setting, and occasional interaction with the public, co-workers and supervisors. Id. at 60. Plaintiff contends that the ALJ erred by (1) rejecting the opinions of treating sources for the wrong reasons, (2) failing to incorporate manipulative limitations in the RFC assessment, and (3) failing to include all of Plaintiff's credibly established limitations in the RFC assessment. Doc. 10 at 6-24. In the alternative, Plaintiff argues that the case should be remanded for the consideration of new and material evidence. Id. at 24-27.[3]

In view of the Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and the record. Principally, I note that there is a deficiency or internal inconsistency in the ALJ's decision with respect to manipulative limitations.[4] The ALJ did not incorporate any manipulative limitations in her RFC assessment, with the sole exception that Plaintiff can only occasionally reach overhead with her left upper extremity. Tr. at 60. In his consultative internal medical examination, Saeed Bazel, M.D., noted muscle atrophy in Plaintiff's left elbow area, and reduced grip strength in the left hand. Id. at 855-56. Dr. Bazel concluded that Plaintiff could only occasionally use her left hand for manipulative limitations including handling, fingering, and feeling, and could frequently use her right hand for these same manipulative functions. Id. at 860. In

---

[3]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 10 at 4-6 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

[4]Plaintiff injured her left shoulder on December 6, 2018, while working at Staples. See tr. at 772 (noted in orthopedic history).

addressing Dr. Bazel's opinion, the ALJ specifically found that the doctor overstated Plaintiff's limitations with respect to sitting, standing, walking, manipulatives <u>in the right hand</u>, the use of foot controls, visual limitations, and some environmental limitations.  <u>Id.</u> at 70.  The ALJ made no mention of the limitations in Plaintiff's left hand, which the doctor found more limited.

It is unclear from the ALJ's opinion whether she determined that Dr. Bazel overstated the limitations in Plaintiff's left hand or whether the ALJ overlooked this portion of Dr. Bazel's assessment and the underlying examination findings, requiring remand.  <u>See</u> <u>Burnett v. Comm'r of Soc. Sec.</u>, 220 F.3d 112, 121 (3d Cir. 2000) ("In the absence of [an indication of the evidence rejected and reason for rejection], the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.") (quoting <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).

In considering the opinions of other medical providers, the ALJ did not clarify the limitation on left hand manipulatives.  In discussing the opinion of Noubar A. Didizian, M.D., finding that Plaintiff could use her hands repetitively for simple grasping, fine manipulation and pushing/pulling, <u>see</u> <u>tr.</u> at 779, the ALJ noted that the medical evidence supported greater limitation in manipulatives than Dr. Didizian found.  <u>Id.</u> at 70.  Yet, in considering the opinion of State agency medical consultant Minda Bermudez, M.D., who opined that Plaintiff could occasionally reach overhead and handle with her left upper extremity, <u>see id.</u> at 208, the ALJ found that "Dr. Bermudez's opinion that [Plaintiff] is limited to occasional handling with the left upper extremity is not consistent with the

record." Id. at 74. Considering the inconsistency in the ALJ's discussion of manipulative limitations of the left hand, remand is appropriate.

Plaintiff complains that the ALJ improperly considered the opinions of her treatment providers. Reconsideration of the manipulative limitations will require further evaluation of the medical record. However, Plaintiff also complains about the ALJ's consideration of the opinions of her mental health treatment providers.[5] Doc. 10 at 13-19. With respect to mental limitations, the ALJ found the assessments of the state agency consultants who reviewed Plaintiff's records at the initial and reconsideration levels persuasive, see tr. at 72-74 (Shelley Ross, Ph.D., 174-77, 190-93 - 10/7/19 – initial review; John D. Chiampi, Ph.D., 204-06, 210-13 - 2/27/20 – reconsideration), while finding that the assessments of Plaintiff's treating providers overstated her limitations with respect to various abilities. Id. at 75-76 (Dr. Rosen, 1955-57 – 9/25/20; Darnell Lorick, CRNP, 2003-05 – 10/6/20).[6] Just based on the timing of the evaluations, neither Dr. Ross nor Dr. Chiampi had the benefit of the mental assessments provided by Dr. Rosen or nurse practitioner Lorick. Additionally, I note that consistency is one of the most important factors that the ALJ is required to consider. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). "The more consistent a medical opinion(s) . . . is

---

[5]Glenn Rosen, M.D., Plaintiff's primary care physician, completed Medical Source Statements about both Plaintiff's physical and mental abilities to perform work. Tr. at 1951-54 (physical), 1955-57 (mental).

[6]The ALJ found that consultative examiner Gyrid Lyon, Ph.D., overstated Plaintiff's limitations with respect to Plaintiff's ability to respond appropriately in usual work situations and to changes in routine work settings. Tr. at 71.

with the evidence from other medical sources and nonmedical sources . . . , the more persuasive the medical opinion(s) . . . will be." Id. §§ 404.1520c(c)(2); 416.920c(c)(2). Here, despite noting consistency between the mental assessments of Dr. Rosen and Mr. Lorick, the ALJ did not find the opinions of these treatment providers persuasive. On remand, the ALJ should reconsider these assessments and explain her consideration of these assessments in light of the record as a whole.

### III.  CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand. An appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE RESENDIZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-4223 |

## **O R D E R**

AND NOW, this 19th day of April, 2022, upon consideration of Plaintiff's brief (Doc. 10), Defendant's Uncontested Motion to Remand (Doc. 11), and the administrative record (Doc. 7), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY
_____
ELIZABETH T. HEY, U.S.M.J.